**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| DOREEN CAGNINA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 1:14-cv-13049-PBS |
| ) | |
| PHILADELPHIA INSURANCE COMPANIES ) | |
| ) | |
| and ) | |
| ) | |
| MAGUIRE INSURANCE AGENCY, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

November 24, 2014

Saris, Chief Judge.

## I. INTRODUCTION

Plaintiff Doreen Cagnina filed suit against defendants Philadelphia Insurance Companies and Maguire Insurance Agency, Inc., following her discharge from defendants' employment on April 30, 2014. Specifically, she alleges I) negligent misrepresentation; II) retaliation under the Family and Medical Leave Act (FMLA); III) deceit; IV) intentional interference with prospective economic advantage; and V) age discrimination. On August 28, 2014, defendants sought dismissal of all counts except the Count alleging the FMLA claim pursuant to Fed. R.

1

Civ. P. 12(b)(6). Defendant also contests plaintiff's request for emotional distress damages under Count II. After hearing, defendants' Partial Motion to Dismiss (Docket No. 11) is **ALLOWED**.[1]

## II. BACKGROUND

The following facts, drawn from plaintiff's Amended Verified Complaint, are taken as true for the purposes of this motion to dismiss. See Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011). Defendants employed Cagnina from August 29, 1994, until her termination on April 30, 2014. At all relevant times, Cagnina's job performance was satisfactory and her attendance near-perfect. Cagnina regularly received positive performance reviews from her superiors, who noted that she "exceeds expectations." In 2005, Cagnina was promoted to Regional Office Manager II, at which time she received performance bonuses and stock grant awards. Cagnina took leave from work under the FMLA during the summer of 2010 to care for her adopted son and daughter, who has special needs. When defendants inquired about Cagnina's leave, she voiced her

---

[1] At hearing, the plaintiff conceded the dismissal of Counts IV (intentional interference with prospective economic advantage) and V (age discrimination), as well as of her request for emotional distress damages. Accordingly, the Court shall address only Counts I and III.

2

discomfort regarding the subject but answered defendants' questions regardless.

On May 2, 2013, the Vice President of Customer Service, Seth Hall, met with Cagnina to discuss her job performance and department. At that time, Hall gave Cagnina a Counseling Memo that identified various areas of strength and weakness, and offered suggestions for improvement. Subsequently, however, Hall informed Cagnina via e-mail that he was "incredibly impressed" with her performance, and Regional Vice President Brooks Martin told Cagnina that the Memo was not formal counseling.

Between October, 2013, and her termination on April 30, 2014, Cagnina worked long hours due to understaffing, and became a Regional Account Manager on January 1, 2014. Cagnina took intermittent FMLA leave throughout the final eleven months of her employment due to work-related stress. For example, in 2013, Cagnina was unable to attend a work conference for health reasons. Although she participated telephonically and via email, defendants declined to send Cagnina relevant materials and later disciplined her for failing to be present. Defendants terminated Cagnina less than one year after she asserted her FMLA right to take leave.

**III. STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion to dismiss, the factual allegations in a complaint must "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint may be dismissed for failure to state a claim if it does not contain factual allegations "respecting each material element necessary to sustain recovery under some actionable legal theory." Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005) (internal quotation omitted). Merely restating the elements of a claim is not sufficient. A claim is plausible on its face when the facts alleged by the plaintiff "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012). The complaint must allege "minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 68 (1st Cir. 2004).

**IV. DISCUSSION**

Counts I and III allege negligent misrepresentation and deceit, respectively. According to Cagnina, defendants falsely stated that any negative feedback in the Memo of May 2, 2013 did

4

not constitute formal job counseling, and that no further employment action was anticipated. Cagnina further maintains that praise from her superiors caused her to work overlong hours against the recommendation of her physician. Defendants argue, in turn, that an at-will employee may not premise misrepresentation or deceit claims solely on an employer's positive performance feedback or statements about job security.

Defendant's objections are well-founded. To make out a claim for either negligent misrepresentation or deceit, a plaintiff must allege that the defendants negligently or willfully made a false statement regarding her employment upon which she reasonably relied. Robertson v. Snow, 404 Mass. 515, 523 (1989); Hinchey v. NYNEX Corp., 144 F.3d 134, 145 (1st Cir. 1998); Trifiro v. New York Life Ins. Co., 845 F.2d 30, 33 (1st cir. 1988); see Restatement (Second) of Torts § 522(1) (1977). A plaintiff can demonstrate "reliance" only by alleging that she would have behaved differently but for her employer's misleading remark. Hinchey, 144 F.3d at 146.

The First Circuit has rejected claims of negligent and intentional misrepresentation brought by an at-will employee who relied on an employer's praise or assurances of "long-term" job security. Bisbano v. Strine Printing Co., 737 F.3d 104,112 (1st Cir. 2013). It concluded that the actions the plaintiff took

"were entirely consistent with doing the job for which the plaintiff was hired and remunerated." Id. See also Hinchey, 144 F.3d at 146 (rejecting misrepresentation claims under Massachusetts law involving statement that at-will plaintiff was a "valued employee in good standing," because there was no evidence that plaintiff would have acted differently had the statement not been made); Shen v. Biogen Idec Inc., 523 F. Supp. 2d 48, 57 (D. Mass. 2007) ("whatever may have been said to [the plaintiff]" regarding job security could not form basis for negligent misrepresentation given at-will employment contract). In other words, simply working hard based on an employer's encouraging statements - even when the work is stressful - is not, without more, detrimental reliance to support misrepresentation claims brought by an at-will employee.

Here, Cagnina's misrepresentation claims cannot stand on their merits. Even if the defendants' statements were false or otherwise misleading as to whether the 2013 Memo constituted formal job counseling or whether Cagnina's job security was at risk, the plaintiff has not sufficiently alleged that she detrimentally relied on those statements. Indeed, Cagnina concedes that she worked long hours "to meet all of her job requirements" and compensate for her short-staffed department. Compl. at ¶ 19. Counts I and IV are accordingly dismissed.

## **V. ORDER**

For the foregoing reasons, defendants' Partial Motion to Dismiss is **ALLOWED.**

                                                   /s/ PATTI B. SARIS
                                                  PATTI B. SARIS
                                                  United States District Judge